REGAN, Judge.
Plaintiff, William P. Gomez, instituted this suit against the defendant, Dewey Zimmerman, endeavoring to recover the sum of $754, which he and his wife asserted they loaned to the defendant between the dates of April 30th and July 9, 1954.
Defendant answered and denied borrowing the money and then insisted that if any indebtedness is found to be due by him .to the plaintiff, it resulted from gambling losses and such an obligation is unenforceable since the activity from which it arose is contra bonos mores. In the alternative, the defendant pleaded the prescription of three and five years.
From a judgment in favor of the plaintiff as prayed for, defendant has prosecuted this appeal.
Plaintiff, who owns and operates a bar and hotel in Marrero, Louisiana, testified that he loaned the sum of $469 to the defendant between the dates of April 30th and July 9, 1954. His wife related that during the months of May and June 1954, she loaned to the defendant the sum of $280; therefore, a total of $749 was loaned to him by them.
They explained that they loaned the money to the defendant when he told them he lost his pay check playing- cards and the money was actually loaned “to keep him out of the dog house with his wife”.
They conceded that cards are played in their establishment; however, they emphasized that they do not participate in the games but only sell decks of cards to the players.
On the other hand, the defendant not only denied receiving loans from the plaintiff during the year of 1954, but insisted that he had not patronized the establish-. *173 ment since the year' of 1951. He also testified that the plaintiff did participate in card games and on one occasion he operated the game on behalf of the plaintiff.
The foregoing brief résumé of the testimony reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the testimony of plaintiff and his wife and, therefore, concluded that cash loans were made by the plaintiff to the defendant during the year 1954 and that these loans resulted from the fact that the defendant lost his wages in various card games, which were not participated in by either plaintiff or his wife.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ contentions.
The trial judge believed the plaintiff and his wife and our analysis of the record convinces us that the evidence preponderates in plaintiff’s favor; therefore, the conclusion reached by the trial judge is correct.
Plaintiff sued for the amount of $754 and judgment was rendered as prayed for; however, the evidence adduced herein reveals that plaintiff and his wife proved that they had loaned the defendant the sum of $749. While neither counsel referred to this fact in their respective briefs[1] we, of course, take judicial notice thereof.
Therefore, the judgment is amended so as to reduce the amount thereof from $754 to $749, and as thus amended, is affirmed.
Amended and affirmed.

. Oral argument was waived and the matter was submitted on briefs.